**FOR PUBLICATION**

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Criminal No. 2008-39** |
| **v.** ) | |
| ) | |
| **ROBIXY LOWELL SUTTON,** ) | |
| ) | |
| **Defendants.** ) | |
| ———————————————————— ) | |

**ATTORNEYS:**

**Nolan Paige, AUSA**
St. Thomas, U.S.V.I.
    *For the plaintiff,*

**Jesse A. Gessin, AFPD**
St. Thomas, U.S.V.I.
    *For the defendant.*

**ORDER**

**GÓMEZ, C.J.**

Before the Court is the motion of the United States of America (the "Government") for an order of forfeiture in the above-captioned matter.  The defendant, Robixy Lowell Sutton ("Sutton"), has not filed an opposition to the motion.

On August 7, 2008, the grand jury returned a three-count indictment against Sutton.  Count One charged Sutton with possession with intent to distribute marijuana.  Count Two charged Sutton with using a communication facility in the

*United States v. Sutton*
Criminal No. 2008-39
Order
Page 2

commission of the felony offense of possession with intent to

distribute marijuana.  Count Three charged Sutton with

structuring monetary transactions.

The indictment also contained forfeiture allegations.  The

first forfeiture allegation stated:

> Upon conviction of the offenses alleged in
> Counts One and Two of this Indictment, defendant,

**ROBIXY LOWELL SUTTON,**

> shall forfeit to the United States . . . any
> property constituting, or derived from, proceeds
> obtained, directly or indirectly, as a result of the
> said violations and any property used, or intended
> to be used, in any manner or part, to commit, or to
> facilitate the commission of the said violations,
> including but not limited to the following:

> <u>Conveyance</u>

> One (1) 1999 Cadillac Escalade, Tag No.: TDO-
> 531, V.I.N. No.: 1GYEK13R2XR408919 . . . .

(Indictment 4, Aug. 7, 2008.)

The second forfeiture allegation stated:

> Upon conviction of the offense alleged in Count
> Three of this Indictment, defendant,

**ROBIXY LOWELL SUTTON,**

> shall forfeit to the United States . . . any
> property, real and personal, involved in the
> offenses, and any property traceable thereto,
> including but not limited to the following:

> <u>Money Judgment</u>

*United States v. Sutton*
Criminal No. 2008-39
Order
Page 3

> A sum of money equal to $4,000.00 in United
> States currency, representing the amount of money
> involved in the offense . . . .

(*Id.*)

On September 24, 2008, Sutton agreed to plead guilty to Count One and Three of the Indictment.  Pursuant to the plea agreement, Sutton agreed to forfeit to the Government "a sum of money in the amount of $5,000, in lieu of one Cadillac Escalade, which the government will return to the defendant upon payment of the monetary judgment." (Plea Agreement 6, ¶ a(1).)  Sutton further agreed to forfeit "a sum of money equal to $4,000." (*Id.* at ¶ b(1).)

Also on September 24, 2008, the United States Magistrate Judge conducted a hearing, during which Sutton pled guilty to Counts One and Three of the Indictment.  At the hearing, the Government indicated that it would dismiss Count Two of the indictment at sentencing.  At the conclusion of the hearing, the Magistrate Judge scheduled Sutton's sentencing for January 28, 2009.

On October 28, 2008, the Court entered an Order accepting Sutton's guilty plea.  The Court adjudged Sutton guilty of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) ("Section 841"), as charged in Count One of the indictment.  The Court also adjudged Sutton

*United States v. Sutton*
Criminal No. 2008-39
Order
Page 4

guilty of structuring monetary transactions, in violation of 31

U.S.C. § 5324(a)(3), as charged in Count Three of the indictment.

Pursuant to title 21 U.S.C. § 853(a), any defendant

convicted of a felony drug offense under Section 841

shall forfeit to the United States . . .

(1) any property constituting, or derived from,
any proceeds the person obtained, directly or
indirectly, as the result of such violation;

(2) any of the person's property used, or
intended to be used, in any manner or part, to
commit, or to facilitate the commission of,
such violation . . . .

21 U.S.C. § 853(a).

Similarly, 31 U.S.C. § 5317(c)(1)(A) requires:

The court in imposing sentence for any violation of
section . . . 5324 of this title . . . shall order
the defendant to forfeit all property, real or
personal, involved in the offense and any property
traceable thereto.

31 U.S.C. § 5317(c)(1)(A).

Regarding the procedure for imposing criminal forfeiture

upon a defendant, Federal Rule of Criminal Procedure 32.2(b)

provides:

As soon as practicable after a . . . plea of guilty
. . . is accepted, on any count in an indictment
. . . regarding which criminal forfeiture is sought,
the court must determine what property is subject to
forfeiture under the applicable statute. . . .  If
the government seeks a personal money judgment, the
court must determine the amount of money that the
defendant will be ordered to pay.  The court's

*United States v. Sutton*
Criminal No. 2008-39
Order
Page 5

>           determination may be based on evidence already in
>           the record, including any written plea agreement
>           . . . .
>
>                              . . .
>
>           At sentencing--*or at any time before sentencing if*
>           *the defendant consents*--the order of forfeiture
>           becomes final as to the defendant and must be made a
>           part of the sentence and be included in the
>           judgment.

Fed. R. Crim. P. 32.2(b)(1),(3) (emphasis added).

Here, the Government seeks an order of forfeiture consisting of a money judgment in the total amount of $9,000.[1] As the September 24, 2008, plea agreement makes clear, Sutton has voluntarily consented to the forfeiture of a $9,000 money judgment prior to sentencing.

Accordingly, it is hereby

**ORDERED** that the Government's motion is **GRANTED**; it is further

**ORDERED** that Sutton shall **FORFEIT** $9,000 to the Government; and it is further

**ORDERED** that the Government is entitled to a money judgment in the amount of $9,000.

                                        S_____
                                            **Curtis V. Gómez**
                                             **Chief Judge**

---

[1] "[N]o ancillary proceeding is required to the extent that the forfeiture consists of a money judgment." Fed. R. Crim. P. 32.2(c)(1).